Thomas ST. VINCENT, Plaintiff,

v.

**WERNER ENTERPRISES, INC., Defendant.**

**No. CV 08–73–M–DWM.**

United States District Court, D. Montana, Missoula Division.

April 2, 2010.

Milton Datsopoulos, Matthew Baldassin, Datsopoulos MacDonald & Lind Missoula, MT, for Plaintiff.

Kristine J. Beal, John B. Horrell, Beal Law Firm, Missoula, MT, for Defendant.

## ORDER

DONALD W. MOLLOY, District Judge.

### I. Introduction

The problem that is addressed in this order stems from a strained reading of Rule 26(a)(2)(B):

"A treating physician, for example, can be deposed or called to testify at trial without any requirement for a written report".

Comments, 1993 Amendments to Rule 26. A treating doctor is not constrained in his or her testimony by the literal words of the medical records. Such an attenuated reading of the Rules of Civil Procedure, the Rules of Evidence, and the Pretrial Orders of the Court, flies in the face of common sense and the purpose of a trial.

Before the Court is Defendant's, Werner Enterprises, Inc. ("Werner"), Notice of Objections to Portions of the Deposition of Dr. Nelson. Werner objected to portions of Dr. Nelson's testimony on the grounds that it was undisclosed, untimely opinion and beyond what was stated in his medical records. Plaintiff counters that because Dr. Nelson

was a treating physician, his testimony was proper. The Plaintiff is right.

### II. Statement of Facts

On March 5, 2010, Werner took the deposition of Dr. Bradley Nelson in Minneapolis, MN. Notice of Werner's Obj., 1. Dr. Nelson is Plaintiff's treating physician and testified in that capacity by video deposition as specified on Plaintiff's Will–Call List. Relying on *McCluskey v. AllState Ins. Co.,* Werner objected to portions of Dr. Nelson's testimony, both before and during trial, arguing it was undisclosed, untimely opinion testimony because it goes beyond what is stated in Dr. Nelson's medical records. *Id.* at 2. Plaintiff disclaims this proposition and asserts that Dr. Nelson's treatment of Plaintiff is ongoing and that all his medical records were produced to Werner. Notice of Plaintiff's Response, 3.

### III. Analysis

F.R.Civ.P. Rule 26(a)(2)(B)[1] requires the "disclosure of expert testimony." Treating physicians, however, are generally not subject to the mandatory expert witness disclosure requirements. *Arneson v. Mich. Tissue Bank,* 2007 WL 4698986, *10 (D.Mont. Mar. 26, 2007). A treating physician's opinion on matters such as causation, future treatment, extent of disability and the like are part of the ordinary care of a patient. *Id.* If properly based on personal knowledge, history, treatment of the patient, and facts of his or her examination and diagnosis, then the treating physician may give an opinion as to the cause of the injury or degree of the injury in the future. *Id.* This is what doctors do: what is the problem; what caused the problem; how is the problem fixed; what does it mean to the patient. A treating physician is not considered an expert witness unless the testimony offered by the treating physician goes beyond care, treatment, and prognosis, but if it does, there must be full compliance with the requirements of Rule 26(a)(2)(B). *McCluskey,* 2006 WL 5230018 at *2. Objections to Dr. Nelson's consideration of photographs of the scene and car involved

---

1. Though Werner cites to F.R.Civ.P. Rule 26(b)(2), this appears to have been in error. *McCluskey* only dealt with Rule 26(a)(2)(B).

Werner's objection is specifically aimed at disclosure of opinion testimony, which is the subject of 26(a)(2)(B), but not 26(b)(2).

were not a part of his medical records so Werner's objections to the proof were sustained.

Werner cites *McCluskey* to support its position that Dr. Nelson's opinion should be kept out; however, Werner's reliance on that case is misplaced. In *McCluskey*, defendant's witness, Dr. Capp, conducted an independent medical exam on plaintiff. *Id.* at *1. A Rule 35 doctor is not a treating physician. The Court did not permit Dr. Capp to testify as an expert or as a rebuttal expert because defendant failed to meet the requirements of 26(a)(2)(B). *Id.* The Court also rejected defendant's argument that Dr. Capp was a treating physician because Dr. Capp's own report said she did not "treat" plaintiff, therefore, her knowledge was not gained through treatment. *Id.* at *2.

Here, Dr. Nelson was Plaintiff's treating physician and his testimony in this case was limited to that capacity. *McCluskey* and *Arneson* support denying Werner's objections because Dr. Nelson's opinions were based on his knowledge, Plaintiff's history and treatment, and the facts of his examination and diagnosis.

 Werner stretches credulity, and the rules of civil procedure and evidence, in arguing that Dr. Nelson's opinion as a treating physician is limited to what is listed in his medical records. This strained and myopic reliance on *McCluskey* is wrong. Neither *Arneson* nor *McCluskey* deal with the issue of whether a treating physician's testimony goes beyond care, treatment, and prognosis if it goes beyond what is literally stated in his or her medical records. Both cases do, however, hold that a treating physician is not subject to, or limited by, the strict disclosure requirements of 26(a)(2)(B). *Id.* The relevant inquiry for a treating physician is not whether the testimony goes beyond his or her literal medical records. The "relevant inquiry is whether the doctor acquires his or her [personal] knowledge through his or her 'treatment' of the patient." *Id.*

Here, Dr. Nelson was Plaintiff's treating physician. Plaintiff produced his medical records to Werner. Dr. Nelson's opinion did not go beyond care, treatment, and prognosis and was not based on information acquired outside his treatment of Plaintiff. His opinions are not limited by what is written in his medical reports. *Id.*

## IV. Conclusion

Werner's pretrial objection as well as its trial objections were denied because they find no support from Rule 26(a)(2)(B) or *McCluskey*.